## JAROS HYGIENIC UNDERWEAR Co. v. SIMONS et al.

*(Circuit Court, D. Massachusetts. February 15, 1892.)*

TRADE-MARK—INFRINGEMENT.

An underwear trade-mark, consisting of a sun surrounded by rays, having a distinctly marked human face, and frequently, though not necessarily, bearing the words "Warmth is Life," is not infringed by a symbol having an imperfect outline, somewhat resembling sun-rays, but whose characteristic feature is a circle inclosing a monogram, the label never bearing the words "Warmth is Life," but always having the name of the manufacturing company using it.

In Equity. Suit by the Jaros Hygienic Underwear Company against Stephen B. Simons and others, for infringement of a trade-mark. Bill dismissed.

*William P. Preble, Jr.*, for complainant.
*Charles L. Burdett*, for defendants.

COLT, Circuit Judge. This suit is for the infringement of a trade-mark representing the sun. The bill alleges that the complainant, the Jaros Hygienic Underwear Company, is a corporation organized under the laws of the state of New York, and a citizen of that state. The evidence discloses that the trade-mark in controversy is the property of the Jaros Hygienic Underwear Company, a corporation organized under the laws of the state of Illinois, and located and doing business at Chicago, Ill. There is no evidence going to prove that the complainant company succeeded to the property and rights of the Illinois company. Upon the record as it stands, therefore, the complainant has not proved any title to the trade-mark in question. The trade-mark consists of a symbol of the sun, surrounded by rays. This mark is frequently used with the words "Warmth is Life" on the face of the sun, but this is not an essential feature. The trade-mark shows the sun as a circular body, with a distinctly marked face, comprising eyes, nose, and mouth.

The real defendants in this case are the Beach Manufacturing Company of Hartford, Conn., the nominal defendants being their selling agents. While the design which the Beach Manufacturing Company use upon their underwear has an imperfect outline, which might be called the rays of the sun, yet the distinctive characteristic of their label or mark is their monogram, inserted in the center of a circle. They do not use the words "Warmth is Life." They print in prominent characters upon the label the words "The Beach M'f'g Co., Hartford, Conn." Considering the striking differences between the two designs, I do not

think there is any infringement, and it is not shown that any purchaser has ever been deceived in buying the underwear made by the Beach Manufacturing Company for the underwear made by the complainant company.

Bill dismissed.